1
2
3
4
5
6
7
8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| CARRIE PERDUE, | No.: |
| Plaintiff, | COMPLAINT |
| vs. | |
| TARGET CORPORATION, a foreign for-profit corporation, | |
| Defendant | |

## I.     PARTIES AND JURISDICTION

1.0.     Carrie Perdue is a single individual residing in Seattle, King County, Washington

1.1.     Target Corporation ("Target") is a foreign corporation with its corporate offices located in Minneapolis, Minnesota.

1.2.     Target conducts business in the State of Washington, including King County.

1.3.     Target owns and operates a store located at 301 Strander Blvd., Tukwila, WA, 98188-2971.

COMPLAINT—PERDUE v. TARGET
P a g e  | 1

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

1.4.    The events that are the subject of this lawsuit took place at the Tukwila store.

1.5.    The court has jurisdiction over the subject matter of this lawsuit.

1.6.    The court has personal jurisdiction over the defendant.

1.7.    Under RCW 4.12.025(1), Target is a resident of King County because it transacts business in King County, has an office for the transaction of business in King County, transacted business in King County at the time of the events that are the subject of this lawsuit, and/or has a person resident in King County upon whom process may be served.

1.8.    Accordingly, venue is appropriate in King County under RCW 4.12.020(3) and/or RCW 4.12.025(3).

## II.    FACTS

2.0.    Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1.0-1.8.

2.1.    On or about January 24, 2021, plaintiff was shopping at the Tukwila Target store.

2.2.    Plaintiff picked up a shopping basket and browsed several departments.

2.3.    Without warning, plaintiff suddenly found herself off balance, slid, and fell to the ground very hard on the right side of her body.

2.4.    When plaintiff sat up, she found that she was sitting in a large pool of a clear, soapy and slippery liquid.

COMPLAINT—PERDUE v. TARGET
Page | 2

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

2.5.     Plaintiff also noticed a large bottle of laundry detergent lying on its side on the floor in front of the shelving.  It appeared that the bottle had fallen to the floor and that its contents had spilled, forming a large pool in the area where plaintiff fell.

2.6.     Plaintiff attempted to stand up in order to assess how badly she was injured, to seek assistance and to avoid blocking the aisle.  However, plaintiff was unable to do so because the bottoms of her flat-heeled boots were covered in the slippery liquid.

2.7.     Each time plaintiff tried to stand up, her feet slipped out from under her, so she scooted herself to sit against a wall.

2.8.     As plaintiff did so, a female customer approached her, asked if she was alright and whether plaintiff wanted her to find a Target employee to assist.

2.9.     The female customer returned with a male employee who had been working nearby, and he asked if plaintiff was alright, to which plaintiff replied that she did not know.

2.10.    Plaintiff asked the employee for some paper towels to wipe her boots so she could get up. Plaintiff thanked the female customer for her assistance, and the customer left.

2.11.    A second male employee arrived and began trying to clean up the spill.  As he did so, the employee warned the first male employee to be careful walking near him because of how slippery the floor was.  In fact, the employee himself slipped

COMPLAINT—PERDUE v. TARGET
Page | 3

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

and slid several times as he spread a sand-like substance onto the floor to soak up the liquid.

2.12.     Plaintiff then began wiping detergent from her shoes with paper towels, as no managerial presence appeared forthcoming. Accordingly, plaintiff suggested to the employee that he should call the manager, which he did.

2.13.     The employee used his radio to call for the manager's assistance, but no one responded after an appreciable amount of time passed. When plaintiff asked if someone was coming the employee claimed that the person contacted didn't hear him the first time, radioed again, and said that someone was coming.

2.14.     Shortly thereafter, a male/female management duo arrived, asked if plaintiff was alright and if she could walk, and escorted her to the customer service desk.

2.15.     Plaintiff completed a Target incident report form, was offered something to eat or drink, and heard one of the managers direct someone to take photographs.

2.16.     Plaintiff was concerned that the photos wouldn't accurately portray the condition that she had encountered given the use of the sandy material, but one of the managers assured her that photos had been taken of the pool of spilled detergent before the absorbent substance had been applied. The manager directed the two male store employees that responded to prepare written statements of their own.

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

2.17.    Meanwhile, an employee at the customer service desk was trying to reach an apparently Target-contracted medical provide to come to the store and examine the plaintiff, but she was unable to find the number.  The employee asked plaintiff if she wanted the store to call a medic or if she wanted to go to an emergency room, and plaintiff replied that she would call her own primary care provider the next day.

2.18.    The employee called a local EMT office, and plaintiff responded to a series of questions about what had happened. Satisfied with plaintiff's answers, the EMT advised her about warning signs to watch for and, by mutual agreement, the EMT's did not come to the store.

2.19.    Following the incident, plaintiff experienced an overall soreness and stiffness with any movement in the right side of her body, including her neck, arm, shoulder, hip and leg.  Plaintiff also experienced burning pain and soreness in her right shoulder and bicep with any movement of her right arm.

2.20.    Plaintiff saw her primary care provider the day after her fall, who found areas of bruising on plaintiff's right lateral knee, a hematoma in her right hip area, and bruising on her left thigh.   Although the provider assessed plaintiff's left shoulder as normal in function, he noted decreased range of motion, pain with posterior reach, as well as with overhead and side reaches.  Plaintiff's right shoulder strength was noted as intact, but limited by pain and discomfort.

2.21.    In May, 2021 a right shoulder MRI revealed that the plaintiff had suffered (a) a traumatic complete tear of her right rotator cuff; (b) right shoulder bicipital

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

tendinitis; (c) right shoulder impingement syndrome; (d) right rotator cuff syndrome; and (e) subscapular tearing and a bicep subluxation (supraspinatus tear).

2.22.   Since her fall, plaintiff has experienced frequent difficulty falling asleep due to throbbing, burning right shoulder pain, and almost every night the pain has woken her up.  Plaintiff primarily sleeps on her right side or back, but she can no longer sleep on her right shoulder due to the pain.

2.23.   Plaintiff also experiences daily sharp pain while dressing herself, when she tries to pull anything over her head, as well as when she undresses.

2.24.   Plaintiff's pain has rendered her unable to reach behind herself, such that she has had to purchase new bras that close in the front.

2.25.   Plaintiff has been forced to alter the way of drying and styling her hair to avoid raising her right shoulder over her head.

2.26.   Plaintiff must now avoid carrying anything in her right had due to the strain it puts on her shoulder, and attempting to carry things with just her left arm makes for a difficult, awkward struggle.  Plaintiff has also had to switch to her left, non-dominant arm during house cleaning as well.

2.27.   Plaintiff has not been able to return to her Lagree Pilates classes due to her injuries, resulting in a loss of about $150.00 in pre-payments.  Plaintiff has also been unable to play tennis.

2.28.   Plaintiff recently underwent surgical repair of the torn rotator cuff.

COMPLAINT—PERDUE v. TARGET
P a g e  | 6

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

2.29.     Plaintiff's plans to visit her family—now that she is fully vaccinated for Covid-19—have been substantially delayed due to her ongoing symptoms and the lengthy recovery period that will occur post-surgery.

### III.     ASSERTION OF LEGAL CAUSE OF ACTION/NEGLIGENCE/PREMISES LIABILITY

3.0.     Plaintiffs reassert and incorporate by reference the allegations set forth in paragraphs 1.0-2.29.

3.1.     At the time of plaintiff's fall, she was present on defendant's premises as a business invitee.

3.2.     Defendant, therefore, owed plaintiff a duty to inspect for potentially hazardous conditions of which it might not already have been aware.

3.3.     The condition that caused the plaintiff's fall involved an unreasonable risk of harm to defendant's customers, patrons and invitees, including plaintiff.

3.4.     Defendant should have realized that the condition that caused plaintiff's fall involved an unreasonable risk of harm to invitees.

3.5.     Defendant should have expected that invitees either would not discover the condition that caused plaintiff's fall, or would not take steps, or be able to take steps, to protect themselves against it.

3.6.     Defendant, prior to plaintiff's fall, did not remove, warn of, remediate or otherwise make safe the condition that caused her fall.

3.7.     Defendant, prior to plaintiff's fall, did not warn invitees about the existence of the condition that caused her fall.

COMPLAINT—PERDUE v. TARGET
Page | 7

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

3.8.     Defendant, prior to plaintiff's fall, did not exercise reasonable care to protect invites against the danger posed by the condition that caused her fall.

3.9.     The condition that caused plaintiff's fall was not open or obvious to invitees.

3.10.    Prior to her fall, plaintiff exercised reasonable care to ensure her own safety.

3.11.    The liquid that caused plaintiff's fall was offered for sale in the aisle in which the fall occurred.

3.12.    Customers could access on their own products that were for sale in the aisle where plaintiff fell.

3.13.    Spills of the type encountered by plaintiff are inherent in defendant's self-service mode of operation.

3.14.    Spills of the type encountered by plaintiff are reasonably foreseeable in the aisle in which she fell.

3.15.    Defendant did not have adequate policies or procedures in place to prevent spills of the type encountered by the plaintiff from occurring, or to identify the existence of any such spills in a reasonably timely fashion.

3.16.    The nature of the spill encountered by plaintiff was such that, in the exercise of ordinary care, defendant could have made a proper inspection and either remediate or warn against the condition.

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

3.19.     As a result of her fall, plaintiff suffered personal injuries and other economic and non-economic damages, both past and future, in amounts to be proved at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in her favor, as follows:

1.     For an award of special damages, both past and future, including past and future medical expenses, out-of-pocket costs and any other economic damages, in an amount to be proven at the time of trial.

2.     For an award of general damages, both past and future, arising from her physical and mental pain and suffering, loss of enjoyment of life, and any permanent disability or disfigurement, in an amount to be proven at the time of trial.

3.     For an award of all taxable costs and disbursements, including statutory attorney's fees.

4.     For an award of pre-judgment interest on any and all liquidated damages.

COMPLAINT—PERDUE v. TARGET
P a g e  | 9

ALLEN N. SHABINO, P.S.
1700 SEVENTH AVE., STE. 2100
SEATTLE, WA 98101
TEL: 206-467-3099
FAX: 206-902-4313

5.      For an award of post-judgment interest on all judgment amounts at the highest legal statutory interest rate.

6.      For such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 4thth day of June, 2021.

ALLEN N. SHABINO, P.S.

By:   /s/ Allen Shabino
        Allen N. Shabino, WSBA #14815
        1001 Fourth Ave., Ste. 3200
        Seattle, WA  98154
        (206) 467-3099
        allen@shabinolawfirm.com
        Attorney for Plaintiff

COMPLAINT—PERDUE v. TARGET
P a g e  | 10